NOT RECOMMENDED FOR PUBLICATION

File Name:  09a0169n.06

Filed:  February 27, 2009

No.  07-6439

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARGARETE T. MMBAGA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TENNESSEE STATE UNIVERSITY, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, ROGERS, and WHITE, Circuit Judges

**MERRITT, Circuit Judge.**  In the court below, this was a Title VII sex discrimination and

retaliation case.  The District Court granted the University defendant's motion for summary

judgment on both claims.  Plaintiff, a female faculty member, alleged in the District Court that her

male superior on the faculty influenced University administrators to discriminate against her when

she refused to continue having sexual relations with him.  Plaintiff assigns two errors on appeal,

phrased as follows: (1) "Did not the District Court err in resolving questions of fact," and (2) "Did

not the District Court err in his interpretation of the 'honest belief' doctrine?"

As to the assignment regarding the resolution of factual issues, plaintiff cites a dispute of fact

on four specific points:  (1) a dispute as to the existence of the sexual relationship itself; (2) a dispute

concerning her failure to be appointed as a full professor because her alleged male harasser told the University administration that she refused the position; (3) a dispute regarding his refusal to request a pay increase for her; and (4) a dispute about his refusal to allow her and her assistants to serve on committees or apply or use grant funds. (Appellant's brief pp. 9-10). The University's defense on summary judgment assumed but did not concede that the sexual relationship existed as alleged but offered facts to show that plaintiff was not denied a promotion that her qualifications made her eligible to receive. The University offered facts showing that plaintiff did not promptly complain or take advantage of the University's extensive sexual harassment remedial system of investigation and resolution of such complaints. The District Court accepted both defenses: "Plaintiff does not produce evidence that she was qualified for the position of full Research Professor when she sought reclassification in 2002 and in 2004" (App. 19), a promotion that she received in 2006. The District Court also concluded that the University established an affirmative defense by showing that plaintiff did not promptly report her claim but waited a number of years until 2004 to file her charges at which time the University took immediate steps to investigate. The investigation concluded that no discrimination occurred.

We do not find in the brief on appeal an argument referring to any facts in the record that rebut the District Court's conclusion as to the promotion or the affirmative defense. Not one fact is recited in plaintiff's appellate brief that would create a material dispute of fact on either the promotion or the affirmative defense. In the absence of any fact cited or recounted in plaintiff's brief on appeal, we are unable to find a basis for reversal of the District Court's disposition of plaintiff's sexual harassment claim.

Plaintiff also presented a retaliation claim in the court below. No reference is made to this claim in the issues presented for review, plaintiff's brief factual statement or the Summary of Argument. The only reference made to the retaliation claim on appeal is found in one paragraph on p. 12 of plaintiff's brief:

> The dismissal of Dr. Mmbaga's retaliation claims is similarly flawed. To say that Dr. Mmbaga failed to produce sufficient evidence from which an inference could be drawn regarding causation is neither more nor less that [sic] a reversion to Judge Echols' willingness to go beyond the correct parameters of the function of a judge deciding a Rule 56 application. Judge Echols' concluding language tells us everything that we need to know:
>
>> "Plaintiff has failed to establish a prima facie case of retaliation with respect to many of her allegations. Where plaintiff has set forth sufficient facts to establish a prima facie case, Defendant has articulated legitimate non-discriminatory reasons for its actions which Plaintiff has not shown to be pretextual."
>
> No more transparent example of a judge resolving jury issues could be imagined.

Again, plaintiff does not offer any facts or other argument that would justify reversal of the court's decision on this issue. Where a party on appeal asserts as error the existence of a material dispute of fact that should defeat summary judgment, it is incumbent on the party to cite or describe the facts that create the factual dispute. The above quotation from plaintiff's brief is all we have before us on the claim of retaliation made in the court below. No factual basis for the claim is mentioned. In the absence of any significant argument or factual reference or coherent legal justification for reversal, we must affirm the District Court's disposition of plaintiff's retaliation claim as well.

Accordingly, the judgment of the District Court is affirmed.